UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH STEWART                                                   CIVIL ACTION

VERSUS                                                          NO. 17-1952

DARREL VANNOY                                                   SECTION: "F"(3)

**REPORT AND RECOMMENDATION**

Petitioner, Keith Stewart, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. As detailed below, he has repeatedly challenged his state conviction and/or sentence in both the state and federal courts over the past three decades.

Although petitioner was a juvenile at the time he committed his underlying criminal offense, he was tried as an adult and convicted in state court of second degree murder under Louisiana law on January 28, 1982. On February 5, 1982, he was sentenced to a mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence. On September 8, 1983, the Supreme Court of Louisiana affirmed that conviction and sentence. State v. Stewart, 437 So.2d 872 (La. 1983).

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed his first federal application seeking habeas corpus relief in 2006. However, that application was dismissed as untimely. Stewart v. Cain, No. 06-0213, 2008 WL 4372911 (E.D. La. Sept. 18, 2008), certificate of appealability denied, No. 08-31005 (5th Cir. June 15, 2009).

Then, on June 25, 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's

prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 567 U.S. 460, 465 (2012). Therefore, based on Miller, petitioner filed a motion to correct illegal sentence with the state district court. On March 28, 2013, the court granted that motion, vacated his original sentence, and resentenced him to a term of life imprisonment *with* benefit of parole. However, the Louisiana Fifth Circuit Court of Appeal thereafter found that his new sentence was illegally lenient based on State v. Tate, 130 So. 3d 829 (La. 2013), a case in which the Supreme Court of Louisiana held that Miller was not retroactively applicable to challenges filed by individuals whose underlying convictions and sentences were already final. The Court of Appeal therefore amended petitioner's sentence to a term of life imprisonment *without* benefit of parole, probation, or suspension of sentence and affirmed that sentence as amended. State v. Stewart, 134 So. 3d 636 (La. App. 5th Cir. 2014). The Supreme Court of Louisiana then denied his related writ application. State v. Stewart, 149 So. 3d 260 (La. 2014).

After subsequent efforts to obtain post-conviction relief in the state courts proved unsuccessful, petitioner returned to the federal courts. Specifically, he moved the United States Fifth Circuit Court of Appeals for authorization to file a successive federal habeas corpus application. However, the Fifth Circuit held that, in light of the fact that petitioner had been resentenced since filing his first federal application, a new federal application would not in fact be considered successive; therefore, his motion for leave to file such an application was denied as unnecessary. *In re* Stewart, No. 14-30189 (5th Cir. June 18, 2014).

Accordingly, petitioner then proceeded to file his second federal habeas corpus application in January of 2015, as well as an amended petition in April of 2015, arguing that his sentence was unconstitutional under Miller. While that application was pending, the United States Supreme

Court abrogated the Supreme Court of Louisiana's Tate decision and held that "Miller announced a substantive rule that is retroactive in cases on collateral review." Montgomery v. Louisiana, 136 S. Ct. 718, 732 (2016). Based on Montgomery, the state district court thereafter granted a new motion to correct and vacate sentence filed by petitioner, finding that resentencing was again required. In light of the state district court order vacating petitioner's sentence, the undersigned recommended that his pending federal petition challenging that sentence be dismissed as moot. Stewart v. Cain, Civ. Action No. 15-59, 2016 WL 2976653 (E.D. La. Mar. 17, 2016). United States District Judge Stanwood R. Duval, Jr., adopted that recommendation and dismissed the petition. Stewart v. Cain, Civ. Action No. 15-59, 2016 WL 2942365 (E.D. La. May 20, 2016).[1] Petitioner appealed.[2] While that appeal was pending, the state district court in fact resentenced petitioner to a term of life imprisonment *with* benefit of parole on January 19, 2017.[3] The United States Fifth Circuit Court of Appeals therefore subsequently denied petitioner a certificate of appealability and dismissed his appeal as moot. Stewart v. Vannoy, No. 16-30635 (5th Cir. Nov. 30, 2017).[4]

---

[1] However, Judge Duval noted: "[T]he dismissal of this petition is without prejudice to petitioner's ability to seek federal relief with respect to [his] new sentence, once any new sentence is final, as long as it is done in a timely manner **after** exhausting his remedies in state courts." Stewart, 2016 WL 2942365, at *1.

[2] The United States Fifth Circuit Court of Appeals had previously barred petitioner from filing any *pro se* matters without the Court's advance written permission. In re Stewart, No. 11-31156 (5th Cir. Feb. 8, 2012). In light of that ruling, the Clerk of the Court of Appeal notified petitioner that he must therefore submit a motion for permission to proceed as a sanctioned litigant with respect to the appeal. He filed such a motion, and that motion was granted. In re Stewart, No.16-90022 (5th Cir. Apr. 12, 2017).

[3] Rec. Doc. 4, p. 28.

[4] While those state proceedings were ongoing, petitioner returned to this Court to file a third federal habeas corpus petition in 2016. In that petition, he challenged his underlying conviction rather than his sentence. The undersigned recommended that the application be dismissed because petitioner's claims were procedurally barred and, alternatively, lacked merit. Stewart v. Vannoy, Civ. Action No. 16-8711, 2016 WL 7157082 (E.D. La. Oct. 13, 2016). United States District Judge Martin L.C. Feldman adopted that recommendation and dismissed the petition with prejudice. Stewart v. Vannoy, Civ. Action No. 16-8711, 2016 WL 7116104 (E.D. La. Dec. 7, 2016).

After petitioner's current sentence was imposed by the state district court on January 19, 2017, he launched two separate attacks in the state courts.

First, he again sought relief in the state district court; however, his motion was denied. He thereafter sought review of that decision by the Louisiana Fifth Circuit Court of Appeal, which likewise denied relief, holding that, due to the nature of the claim petitioner asserted, he had sought relief in the wrong jurisdiction:

> Relator, Keith Stewart, seeks review of the district court's May 9, 2017 order denying his motion to correct illegal sentence. This matter arises out of relator's January 28, 1982 conviction for second degree murder in violation of La. R.S. 14:30.1. On February 5, 1982, the district court sentenced relator, who was sixteen years old at the time he committed the offense, to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence – the mandatory sentence at the time. On September 9, 1983, the Louisiana Supreme Court affirmed relator's conviction and sentence. State v. Stewart, 437 So.2d 872 (La. 1983).
>
> Following the United States Supreme Court's holding in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2010), and Montgomery v. Louisiana, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599, the district court held a Miller hearing on January 19, 2017. Finding that relator should be afforded parole eligibility, the district court vacated relator's sentence of life imprisonment at hard labor without the benefit of parole and resentenced him to life with the benefit of parole. On May 5, 2017, relator filed the instant *pro se* motion to correct illegal sentence. On May 9, 2017, the district court denied relief.
>
> *Relator contends that the Department of Corrections has unconstitutionally denied relator parole eligibility* and that, accordingly, the district court erred in refusing to vacate and resentence him. The Board of Parole is bound to consider relator for parole at the time relator becomes eligible for parole consideration. La. R.S. 15:574.4(C)(1); see State v. Walder, 12-0051 (La. App. 1 Cir. 9/24/12), 104 So.3d 137, 142. *If relator wishes to challenge* "the computation of his sentence or sentences, discharge, good time dates, or *any action concerning parole," he should file his action in the Parish of East Baton Rouge.* See La. R.S. 15:571.15. Because the district court did not have jurisdiction over relator's claim that the Department of Corrections denied him parole eligibility to which he is entitled, we find no error in the district court's decision to deny relator's motion, and we deny the writ.

State v. Stewart, No. 17-KH-282 (La. App. 5th Cir. June 30, 2017) (emphasis added).[5] **Petitioner did not seek review of that judgment by the Supreme Court of Louisiana.**

Second, petitioner also filed a direct appeal challenging his new sentence. However, the Louisiana Fifth Circuit Court of Appeal affirmed that sentence, holding:

> Defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Although defendant alleged in his motion to reconsider sentence that his sentence was excessive, appellate counsel notes that the penalty for a conviction of second degree murder remains the same today as it was in 1980 when defendant committed the offense, namely, life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Appellate counsel asserts that under Miller and Montgomery, and applying La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E), if the defendant was under the age of 18 at the time of the offense, there are now two potential sentences for second degree murder – life imprisonment without the benefit of parole eligibility or life imprisonment with the benefit of parole eligibility. He notes that of the two sentencing options available, defendant received the less severe of the two, life imprisonment with the benefit of parole eligibility. As such, appellate counsel maintains that although defendant's sentence is severe, it is not constitutionally excessive.
> The State responds that appellate counsel correctly notes that this case presents no non-frivolous issues for appellate review. It further responds that the sentence follows the mandates of Miller and Montgomery, and is not constitutionally excessive.
> Appellate counsel has filed a motion to withdraw as attorney of record which states he has notified defendant that he filed an Anders brief and that defendant has a right to file a pro se brief in the appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until August 5, 2017, to file a pro se supplemental brief. Defendant has not filed a supplemental brief in this matter.
> An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
> The record reflects that on February 2, 2016, defendant filed a motion to vacate and correct an illegal sentence. Based on the United States Supreme Court case of Montgomery, *supra*, a hearing was held, and on January 19, 2017, the trial judge vacated the previous sentence and resentenced defendant to life imprisonment with parole eligibility. Appellate counsel does not believe that defendant's sentence is excessive; however, defendant in his motion to reconsider sentence argued that it is excessive.

---

[5] A copy of that decision can be found at Rec. Doc. 14, pp. 19-20.

As previously stated, in 2012 the United States Supreme Court in Miller held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. The Court indicated that the State must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Miller, 132 S.Ct. at 2469. Thereafter, in Tate, 130 So.3d at 844, the Louisiana Supreme Court held that Miller, which set forth a new rule of constitutional procedure for sentencing, was not subject to retroactive application and was to be applied prospectively only. However, in January of 2016, the United States Supreme Court in Montgomery, 136 S.Ct. at 737, held that Miller retroactively applied to defendants whose convictions and sentences became final prior to the Miller decision, thereby abrogating the Tate decision.

On remand, in State v. Montgomery, 13-1163 (La. 6/28/16), 194 So.3d 606, 607, the Louisiana Supreme Court stated as follows:

> The Supreme Court held in Miller that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. The Supreme Court found that "[b]y making youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence, such a scheme poses too great a risk of disproportionate punishment." Miller, 132 S.Ct. at 2469. The Supreme Court clarified in Montgomery, 136 S.Ct. at 734, "that Miller drew a line between children whose crimes reflect transient immaturity and those rare children whose crimes reflect irreparable corruption" and life without parole can only be a proportionate sentence for the latter.
>
> * * *
>
> To implement Miller's "meaningful opportunity to obtain release" for those juveniles who commit murder but are not found to be irreparably corrupt, the Legislature in 2013 La. Acts 239 enacted La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E). Article 878.1 requires the District Court to conduct a hearing "[i]n any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense ... to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E)." La. R.S. 15:574.4(E) then provides the conditions under which any person serving a sentence of life imprisonment for first or second degree murder committed under the age of 18 can become parole eligible, provided a judicial determination has been made the person is entitled to parole eligibility pursuant to Article 878.1.

In the instant case, at the resentencing hearing, several exhibits were admitted into evidence. The State argued that a "number to tack" against defendant was that there was a manifestation of deliberate cruelty to the victim in this case, though he acknowledged that defendant was upstairs when his co-defendant shot and killed the victim. The State also noted that defendant had committed several violations while imprisoned.

Defense counsel responded that the co-defendant who pulled the trigger was 24 years old and that defendant was only 16 years old and not in the room at the time of the killing. He indicated that the co-defendant was more persuasive, influential, and in control than defendant. Defense counsel argued that the trial judge should sentence defendant to a fixed term of years rather than a life sentence with or without parole eligibility, because Louisiana's parole system did not offer a "meaningful opportunity for release" as set forth in Miller and Montgomery.

The State replied that Miller and Montgomery made clear that the single issue before the court was whether defendant would be sentenced to life imprisonment with or without parole eligibility. It asserted that any sentence to a fixed number of years would be illegal, as the statute mandates a life sentence. Afterward, the trial judge took the matter under advisement.

On January 19, 2017, the trial judge issued her ruling at a hearing. After setting forth several factors that she considered, the trial judge found that defendant had demonstrated maturity and rehabilitation and that his crime reflected an "unfortunate yet transient immaturity," and therefore, he must be afforded parole eligibility. As such, the trial judge vacated the life sentence imposed without the benefit of probation, parole, or suspension of sentence and resentenced defendant pursuant to Article 878.1 to "life with the benefit of parole" and "the conditions" established in La. R.S. 15:574.4(E).

On January 27, 2017, defendant filed a pro se motion to reconsider sentence, which was denied by the trial court. In his motion, defendant argued that his sentence was excessive, it ignored the Miller and Montgomery mandates, and it did not reflect individualized sentencing because every juvenile was exposed to the same sentence. He further contended that placing the decision with the parole board was not a substitute for a judicially imposed sentence.

In State v. Brown, 51,418, 2017 La. App. LEXIS 1132, at *11-12 (La. App. 2 Cir. 6/21/17), the Second Circuit found that eligibility for parole was the sole question to be answered in a Miller hearing. Accordingly, the Court noted that there was no consideration of whether the defendant was entitled to a downward departure from the mandatory sentence of life imprisonment at hard labor. Rather, the trial court was required to consider only whether that mandatory sentence should include parole eligibility.

In the instant case, the record shows that the trial judge adhered to the law set forth in Miller and Montgomery at the resentencing hearing. According to that law, the trial judge's purpose at the hearing was to determine whether to resentence defendant to life imprisonment with parole eligibility or life imprisonment without

7

parole eligibility. After reviewing the law, the exhibits, and the facts of the case, the trial judge chose to vacate defendant's sentence and resentence him to life imprisonment with parole eligibility, the less severe of the two potential penalties. Defendant's sentence now provides him with a meaningful opportunity for release. In light of the foregoing, we find that defendant's sentence was not excessive. Further, the law does not support defendant's contention that he should have been sentenced to a set number of years.

      Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as counsel of record.

State v. Stewart, No. 17-KA-297, 2017 WL 5761067 (La. App. 5th Cir. Nov. 29, 2017). **Petitioner likewise did not seek review of that judgment by the Supreme Court of Louisiana.**

Rather than seeking review of those two most recent rulings by the Supreme Court of Louisiana, petitioner instead proceeded directly to federal court to file this instant federal application. The state therefore argues that the application should be dismissed because petitioner failed to exhaust his remedies in the state courts.[6]

As Judge Feldman indicated in the order of reference,[7] it is arguably unclear whether petitioner's instant application is properly construed as one seeking relief under 28 U.S.C. § 2241, 28 U.S.C. § 2254, or both.[8] However, the Court need not resolve that issue in order to dispose of the instant application. Regardless of which statutory provision applies, it is clear that petitioner must first exhaust his remedies in the state courts before seeking relief in federal court. See 28

---

[6] Rec. Docs. 11 and 14.
[7] Rec. Doc. 12.
[8] Both § 2241 and § 2254 can serve as a basis for relief for state prisoners. That said, the two sections are not interchangeable; rather, each applies in a specific situation. Specifically, § 2254 applies when a prisoner is challenging the *legality* of either his underlying state conviction or sentence, whereas § 2241 applies when a prisoner is instead challenging *the manner in which prison officials are executing his sentence*. See Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995); Williams v. Cain, Civ. Action No. 14-1517, 2015 WL 4647947, at *2 (E.D. La. July 27, 2015).

U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies in habeas corpus actions brought pursuant to § 2254); Edge v. Stalder, 83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in habeas corpus actions brought pursuant to 28 U.S.C. § 2241); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (same). Here, for the following reasons, it is clear that petitioner has not complied with the exhaustion requirement.

As the United States Fifth Circuit Court of Appeals has explained:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (emphasis added; quotation marks omitted). In Louisiana, the highest state court is the Supreme Court of Louisiana. See La. Const. art. V, § 5(A).

In the instant case, petitioner appears to be asserting two claims. First, he appears to argue that, although he was resentenced to life *with* benefit of parole, his sentence was erroneously imposed subject to the statutory conditions not applicable to him.[9] Second, he appears to argue that prison officials are violating his rights by refusing to schedule him for a parole hearing.[10]

Both of those claims obviously arise from petitioner's new sentence imposed on January 19, 2017. However, petitioner has filed no writ applications whatsoever with the Supreme Court of Louisiana since the date of that resentencing.[11] **Therefore, necessarily, neither the two claims this Court has identified nor any other potential claims based on petitioner's new sentence**

---

[9] See Rec. Doc. 4, pp. 13-14.
[10] Id. Out of an abundance of caution, the Court notes that, contrary to petitioner's suggestion otherwise, his prison records accurately reflect that he is eligible for parole consideration. See Rec. Doc. 4, p. 25 ("PAROLE ELIG.: Y).
[11] On February 23, 2018, the undersigned's staff confirmed in a telephone call to the Clerk of Court of the Supreme Court of Louisiana that petitioner had filed no writ applications with court on or after January 19, 2017.

9

**or on the prison officials' execution thereof have been exhausted in the state courts as required by federal law.** Because petitioner has not yet exhausted his remedies in the state courts, the instant federal application should be dismissed without prejudice on that basis.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application seeking habeas corpus relief filed by Keith Stewart be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[12]

New Orleans, Louisiana, this twenty-eighth day of February, 2018.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.